# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendants. | 1:10-cv-01527 GSA<br><br>**ORDER REGARDING STIPULATION TO EXTEND BRIEFING SCHEDULE**<br><br>**ORDER GRANTING STIPULATION** *IN PART* |

    On March 28, 2011, the parties filed a stipulation to extend the briefing schedule in this matter, wherein Plaintiff seeks an extension of time through and including April 24, 2011, within which to file an opening brief. Moreover, according to the stipulation, Defendant would then have until May 30, 2011, within which to file an opposition. Any reply brief would be due on or before June 14, 2011. (Doc. 12.)

    Notably missing however from the parties' stipulation is any acknowledgment of, nor explanation for, Plaintiff having already missed the deadline for the filing of an opening brief. The administrative record was lodged on December 17, 2010, thus, Plaintiff's opening brief was

1

due to be filed with this Court on March 22, 2011, or six days *before* the parties filed the stipulation. (12/17/10 + 95 days = 3/22/11.) Additionally, Plaintiff's requested date of April 24, 2011, falls on a Sunday and is beyond thirty days from the previous deadline (3/22/11 + 30 days = 4/21/11). Finally, the stipulation references a deadline of May 30, 2011, for Defendant's opposition brief. This too is a date that falls beyond the typical thirty day deadline. Even applying Plaintiff's requested deadline of April 24, 2011, would result in an opposition due Saturday, May 21, 2011, resulting in a filing deadline of Monday, May 23, 2011.

      This Court has noted an increasing number of missed deadlines in its Social Security caseload. In particular however, the Court has previously expressed concern to other attorneys associated with Plaintiff's counsel's firm regarding this pattern. Notwithstanding the necessity of the Court to issue orders to show cause for missed deadlines in these and other cases, the Court is also displeased when a party or parties choose to ignore the fact that the relevant deadline has passed. The parties are hereby ADMONISHED that any future stipulation for an extension of time, wherein the relevant deadline has already passed, SHALL specifically address that fact and explain the reason or reasons for the delay. Finally, the parties are directed to Local Rule 144(d) and its requirement that an extension be sought "as soon as the need for an extension becomes apparent."

      The parties' stipulation is adopted IN PART as follows:

1. Plaintiff shall have a first extension of time to and including **March 28, 2011**, *nunc pro tunc*, within which to file an opening brief;
2. Plaintiff shall have a second extension of time to and including **April 21, 2011**, within which to file an opening brief;
3. Defendant shall file an opposition brief no later than **May 23, 2011**; and
4. Plaintiff shall file any reply no later than **June 7, 2011.**

IT IS SO ORDERED.

2

**Dated:   March 29, 2011**                       /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE